**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RONNISHA D. TOLEFREE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERIGROUP KANSAS, INC. et al., )<br>)<br>Defendants. )<br>) | Case No. 18-2032-CM-TJJ |

## MEMORANDUM AND ORDER

Plaintiff Ronnisha D. Tolefree filed this civil rights action through counsel on January 21, 2018. Despite being on file for nearly ten months, the case has progressed little. It took several times for the magistrate judge to successfully conduct a scheduling conference because of plaintiff's repeated failure to participate. After defense counsel and plaintiff's counsel exchanged several emails about extensions of time for deadlines, plaintiff's counsel indicated that she had not heard from her client recently. Plaintiff missed the extended deadline for providing discovery responses and a settlement demand. After emailing plaintiff's counsel and receiving no response, defendants filed a Motion to Dismiss or Compel Compliance with the Scheduling Order and Discovery (Doc. 20). But plaintiff did not timely respond to the motion. The court ordered plaintiff to show cause why the motion should not be granted as uncontested, and plaintiff again did not respond. The court now considers the motion without the benefit of a response by plaintiff.

## Case History

The following timeline represents a brief summary of plaintiff's participation in this case (or lack thereof):

- **January 21, 2018:** Plaintiff filed the instant case.

-1-

- **April 12, 2018:** The court entered an Initial Order Regarding Planning and Scheduling, ordering the parties to confer on or before June 7, 2018 and to submit the parties' planning report by June 14, 2018.

- **June 14, 2018:** The parties were supposed to confer on the planning report by phone, but plaintiff's counsel failed to appear for the scheduled call.

- **June 27, 2018:** After several attempts to reach plaintiff's counsel, defense counsel was successful, and the parties were able to confer.

- **June 28, 2018:** Plaintiff's counsel did not appear for the initial scheduling conference. It was reset for July 26, 2018. It appears that the court was unable to reach plaintiff's counsel for the rescheduled conference, so the conference was again rescheduled for August 9, 2018.

- **August 9, 2018:** Plaintiff's counsel indicated that she would be withdrawing and new counsel would be entering an appearance. But she still agreed to the deadlines in the Scheduling Order.

- **August 14, 2018:** The court entered the Scheduling Order, ordering plaintiff to make a settlement proposal by August 30. The parties were to mediate by October 5, and discovery is to close December 7.

- **August 24, 2018:** Plaintiff's counsel emailed defense counsel, indicating she would need an indefinite extension of time on discovery and the settlement offer. Defense counsel asked how much time, but plaintiff did not respond. Defense counsel asked again on September 11, and said that he would grant an extension until September 14.

- **September 13, 2018:** Plaintiff's counsel responded, indicating that she had not been able to contact her client, and seeking an extension through September 28. Defense counsel

agreed, but said it was the final extension and he would seek dismissal if plaintiff did not meet the deadline.

- **September 28, 2018:** The deadline passed without response by plaintiff.
- **October 1, 2018:** Defense counsel emailed plaintiff's counsel, saying "we are left with nothing left to do [except] file a motion to have this case dismissed." Plaintiff's counsel did not respond.
- **October 5, 2018:** Defendants filed the instant motion. Plaintiff did not timely respond.
- **October 29, 2018:** The court entered an order to show cause why the motion should not be granted as unopposed. Again, plaintiff did not respond.

## **Application**

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure, or if the plaintiff fails to prosecute her case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning that the plaintiff cannot re-file her claims. Fed. R. Civ. P. 41(b). When evaluating grounds for dismissal of an action, the court looks to the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted). The court examines each of these factors below.

First, the court determines that defendants have been prejudiced by plaintiff's lack of participation. Defense counsel has engaged in numerous attempts to contact plaintiff and comply with court orders. Plaintiff has not responded. Defendants have had plaintiff's allegations pending in an

open court case for nearly ten months, with no end in sight. Plaintiff, on the other hand, has shown little interest in pursuing her claims or following court orders. While she has asked for a few extensions of time, she has still failed to comply with the extended deadlines. And according to plaintiff's counsel, plaintiff has not been responsive to counsel's attempts to reach her. Plaintiff's actions have resulted in unreasonable prejudice to defendants. This factor weighs in favor of dismissal.

Second, plaintiff has unreasonably interfered with judicial process. The court has an interest in making sure cases have forward progression. To effectively manage its caseload, the court requires scheduling orders and needs to be able to contact the parties. The magistrate judge had to reschedule the scheduling conference several times to implement a scheduling order so that plaintiff's claims can be heard. The undersigned judge had to enter an order to give plaintiff additional time to explain why she had not responded to the motion to dismiss. Plaintiff has been nonresponsive and disrespectful of the court's—and defense counsel's—time. This factor also weighs in favor of dismissal.

Third, the court finds plaintiff culpable for her conduct—at least to some degree. Plaintiff, through counsel, has failed to participate for the better part of five months. This conduct cannot be characterized as a one-time mistake. Rather, the pattern of behavior indicates a lack of interest in prosecution and a lack of regard for defense counsel's requests and the court's orders. Plaintiff's counsel indicated in an email that she had tried to reach plaintiff but had not received communication back from her. She needed plaintiff's signature to transfer the case to another attorney, but was unable to get plaintiff's signature. This behavior demonstrates some level of culpability on the part of plaintiff, and the third factor also weighs in favor of dismissal—although perhaps to a lesser degree than others.

Fourth, the court has warned plaintiff that her case might be subject to dismissal. Defense counsel also gave plaintiff multiple opportunities to participate, and warned that he would have to file a motion to dismiss if plaintiff did not begin participating. This factor supports dismissal.

Finally, the court is unaware of another sanction that would be effective. As evidenced by the emails attached to defendants' motion, defense counsel gave plaintiff ample opportunities to participate. Plaintiff's counsel indicated that plaintiff has not been in contact with her. And multiple court conferences and orders have been ignored. The court has no reason to believe that plaintiff would be reachable to collect a monetary sanction or that granting additional time to comply with deadlines would be effective. Dismissal appears to be the most appropriate sanction under the circumstances.

Plaintiff has failed to prosecute her case. She has ignored defense counsel and the court. And these actions appear to be deliberate. Furthermore, the court has warned plaintiff that her actions might result in dismissal, and the court doubts that another sanction would be effective. Based on plaintiff's behavior and its impact, the court determines that the case should be dismissed for lack of prosecution.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss or Compel Compliance with the Scheduling Order and Discovery (Doc. 20) is granted. The case is dismissed for failure to prosecute. The Clerk of Court shall enter judgment for defendants and close the case.

Dated this 15th day of November, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**